IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAWN MICHELE LOGAN,  )
        Plaintiff,  )
  -vs-  )  Civil Action No. 18-51
NANCY A. BERRYHILL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
        Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

**I.**      **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Bonnie Kittinger, held a hearing on June 15, 2016. (ECF No. 7-4, pp. 21-53). On August 10, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 17-30).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 14). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity ("RFC") [2]

Plaintiff first argues that the ALJ erred in making the RFC determination because she failed to address her need for frequent bathroom breaks. (ECF No. 12, pp. 11). In this case, the ALJ found Plaintiff's chronic kidney disease to be severe. (ECF No. 7-2, p. 19). In addition, throughout the RFC determination, the ALJ discussed Plaintiff's kidney disease and considered her testimony in this regard, including her testimony regarding her need to urinate approximately once every twenty minutes. (ECF No. 7-2, p. 24). Plaintiff does not point to any other evidence, medical or otherwise, that discusses her specific need to frequently urinate. *See,* ECF No. 12, pp. 9-11.

The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effect of [her] symptoms are not entirely consistent with the medical and other evidence in the

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§404.1527*,* 416.927; 20 C.F.R. §§404.1546(c), 416.946(c). In this case, the ALJ found Plaintiff has the RFC to perform light work with numerous physical and non-physical exceptions. (ECF No. 7-2, pp. 22-28).

3

record." (ECF No. 7-2, p. 27). In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record. SSR 16-3p. In so doing, the ALJ will look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. §§404.1529(c), 416.929(c). I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), cert. denied, 420 U.S. 931 (1975).

After a review of the record in this case, I find the ALJ applied the above standard. (ECF No. 7-2, pp. 17-30). The ALJ considered Plaintiff's allegation regarding frequent urination and found it inconsistent with the medical evidence which showed no indication supporting that degree of limitation with respect to her kidney impairment and specifically indicating much less frequent treatment now than before her alleged date of onset. *Id.* To that end, the ALJ stated as follows:

> The evidence generally does not support the claimant's allegations regarding her loss of functioning. The claimant has a history of chronic kidney disease and frequent kidney stones, which predates her July 31, 2013 alleged onset of disability date. However, in recent years the documented occurrences of kidney problems have been much less frequent than before the alleged onset of disability, when she continued working despite having kidney problems.

*Id.* at p. 27. Based on the same, I find the ALJ's assessment in this regard is sufficiently addressed such that I am able to make a meaningful review and, further, I find it to be supported by substantial evidence. *Id.* Therefore, I find no merit to the assertion that the ALJ failed to address Plaintiff's need for frequent bathroom breaks.

Plaintiff next argues that the ALJ erred by failing to include a limitation in the RFC regarding her interaction with supervisors and co-workers given her voluntary hospitalization for fear of harming her supervisor. (ECF No. 12, pp. 11-13). After a review of the record, I find the ALJ's determination in this regard is supported by substantial evidence. (ECF No. 7-2, pp. 17-30). For example, the ALJ specifically noted Plaintiff's hospitalization and indicated that "[b]y the time of discharge, her anger toward her supervisor had improved," as did her GAF[3] scores. (ECF

---
[3]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale.

4

No. 7-2, pp. 25-28). The ALJ also pointed out that Plaintiff stated in her function report that she gets along with authority figures. (ECF No. 7-2, p. 23). Additionally, the ALJ gave weight to the state agency psychological consultant who found that Plaintiff has no limitation in social interaction (although the ALJ found Plaintiff to be more limited than the agency consultant indicated as it relates to her ability to interact with the public). *Id.* at p. 28; ECF No. 7-5, pp. 10, 22. Consequently, I find the ALJ did not error in failing to include a limitation in the RFC regarding her interaction with supervisors and co-workers.[4]

Concomitantly, Plaintiff argues that the VE's answers to hypothetical questions that included the limitations regarding frequent restroom breaks and limitations with supervisors and and co-workers should have been included and accepted by the ALJ. (ECF No. 12, pp. 9-13). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's first hypothetical question accurately reflected Plaintiff's impairments. (ECF No. 17-2, pp. 22-28). Consequently, I find no error in this regard.

---

American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100. GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). GAF scores do not have a direct correlation to the disability requirements and standards of the Act. *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool. *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013). Nonetheless, GAF scores are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled.

[4] Even if I found the ALJ erred in this regard, the error would be harmless because the vocational expert testified at the hearing that even with that further limitation, the same jobs would still be available at about the same numbers identified without that additional restriction. *See,* ECF No. 7-4, p. 49. Simply put, it would be an exercise in futility to remand the case to add that requirement to the RFC when there is evidence in the record that Plaintiff could still perform the same jobs available at about the same numbers with that additional restriction. *Id.*

### C. **Post-Decision Evidence**

Plaintiff's final argument is that the case should be remanded for consideration of additional evidence. (ECF No. 12, pp. 13-15). Specifically, Plaintiff's counsel asserts that she "requested, obtained and electronically filed a copy of the treatment records from Altoona Behavioral Health for the period March 2014 through March 2016." (ECF No. p. 13). Plaintiff's counsel further asserts that she "assumed" the record was filed. *Id.* She did not discover that they were not filed as part of the record until she received the ALJ's decision and reviewed the exhibit list attached thereto. *Id.* Plaintiff's counsel "can only assume that there was some error in the electronic transmission or receipt at ODAR…."[5] *Id.* at 14.

As set forth above, the instant review of the ALJ's decision is not *de novo*.[6] If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new, material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

> As amended in 1980, §405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of

---

[5] Plaintiff's counsel submitted the additional evidence at issue to the Appeals Council. The Appeals Council declined to review the evidence because "this evidence does not show a reasonable probability that it would change the outcome of the decision." (ECF No. 7-2, p. 3); *See*, 20 C.F.R. §404.970(a) (appeals council will consider additional evidence not submitted to the ALJ if it is "new, material and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.").

[6] An ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). My review of an ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g). Therefore, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence (ECF No. 6-8, pp. 51-63) that was not first submitted to the ALJ when reviewing his decision.

> the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In this case, Plaintiff is seeking remand pursuant to Sentence Six. (ECF No. 12, pp. 13-15). Thus, she must satisfy all three requirements above. In support of the same, however, she summarily concludes that '[t]he additional material is new and material, and is not merely cumulative of what is already in the record before the ALJ." (ECF No. 12, p. 15). After a review of the evidence I disagree with Plaintiff's unsupported conclusion.

The only reason given by Plaintiff's counsel as to why she had failed to submit the evidence before the ALJ's determination was that she thought it was submitted and it was simply some sort of filing error. (ECF No. 12, p. 14). At no time prior thereto did Plaintiff's counsel indicate that she checked the record to make sure all evidence was submitted before the record was closed. *Id.* at pp. 13-15. Upon review of the hearing transcript, the ALJ asked Plaintiff's counsel if the record was complete. (ECF No. 7-4, p. 24). Counsel responded "no" and qualified that with identifying certain records that needed to be submitted, which are not the records at issue here. *Id.* The ALJ then went through the previously submitted exhibits that he was admitting, including "medical Exhibits 1F through 13F." *Id.* at 25. Plaintiff obviously neglected to review this list or advise the ALJ that the documents at issue were missing. *Id.* Thus, I find that Plaintiff has failed to show good cause for not submitting the evidence to the ALJ prior to her August 10, 2016, decision.

Even assuming that Plaintiff established good cause, she has failed to show the evidence is new. Evidence is "new" if was "not in existence **or available** to the claimant at the time of the administrative proceeding." *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (emphasis

7

added).  In her brief, Plaintiff acknowledges that the evidence was available to her at the time of the administrative proceeding.  (ECF No. 12, pp. 13-15).  Since the evidence was available, it is not new.  *Sullivan,* 496 U.S. at 626.

Furthermore, the materiality standard requires that the evidence must be "relevant and probative" and there must "be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination."  *Szubak*, 745 F.2d at 833.  Plaintiff has made no attempt to show the same.  Rather, Plaintiff submits that "obviously" the records are material, without more.  *See,* ECF No. 12, pp. 14-15.  She makes no argument whatsoever as to how the additional evidence has a reasonable possibility of changing the outcome of the ALJ's determination.  Consequently, I find such argument underdeveloped and insufficient.  Thus, I find Plaintiff has failed to show the additional evidence meets the materiality requirement.

As a result, I find that Plaintiff has failed to satisfy the requirements for remand under Sentence Six of §405(g).  Therefore, remand is not warranted on this issue.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAWN MICHELE LOGAN, )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 18-51
)
NANCY A. BERRYHILL,[7] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 29th day of May, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 11) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[7] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.